**ORDERED.**

Dated: October 05, 2022

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Richert Funding, LLC, | ) | Case No. 6:18-bk-06276-GER |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING MOTION TO APPROVE COMPROMISE
BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND IBERIABANK[1]
(Doc. No. 305)**

THIS CASE came on for evidentiary hearing on August 30, 2022 on the Chapter 7 Trustee's Motion to Approve Compromise by and between the Chapter 7 Trustee and IberiaBank[2] (Doc. No. 305) (the "Motion") filed by Soneet R. Kapila, the Chapter 7 Trustee (the "Trustee"), and the Objection[3] (Doc. No. 316) filed by BMO Harris Bank, N.A.[4] The Court took the matter under advisement at the conclusion of the evidentiary hearing on August 30, 2022.

---

[1] All terms not defined herein shall have the same meaning ascribed to them in the Motion.

[2] IberiaBank is now known as First Horizon Bank but will be referred to throughout this Order as "Iberia."

[3] *Objection by BMO Harris Bank, N.A. to Trustee's Notice of Compromise of Controversy with Iberia Bank* (the "Objection") (Doc. No. 316).

[4] Hatch Funding, LLC filed a Limited Objection (Doc. No. 314). Prior to the evidentiary hearing, Hatch Funding and the Trustee agreed that the Limited Objection is overruled. *See* Doc. No. 399.

On September 20, 2022 at 9:30 a.m., the Court announced its findings of fact and conclusions of law.

After considering the testimony of the witnesses, the documentary evidence admitted at the August 30, 2022 hearing, and arguments of counsel, the Court concludes it is appropriate to grant the Motion and approve the compromise. Accordingly, for the reasons stated orally and recorded in open Court that shall constitute the decision of the Court, it is

**ORDERED**:

1. The Motion (Doc. No. 305) is **GRANTED**.

2. The Objection (Doc. No. 316) filed by BMO Harris Bank, N.A. is **OVERRULED**.

3. The terms of the Compromise are approved as follows:

   a. Iberia's Proof of Claim No. 22 in the amount of $12,016,796.45 is an allowed claim; Iberia is a perfected secured creditor and its lien is superior to all other creditors except as provided in this Order.

   b. Iberia's liens do not encumber any personal assets of Dwight and Holly Richert and is limited to assets of Richert Funding, LLC as specifically identified in Iberia's UCC-1 financing statement.

   c. The Trustee shall be entitled to use cash collateral that was on deposit on the date of the order for relief in the approximate amount of $631,000. Iberia agrees that all fees and costs that were approved by orders entered by the Court through the date of this Order are reasonable. Iberia further agrees that any fees and costs approved by the Court, through the date of this Order, are not subject to any claims by Iberia, including but not limited to any cash collateral claim based on 11 U.S.C. § 363.

        d.        The Trustee and all other creditors of this case are prohibited from seeking to avoid the security interest of Iberia.

        e.        There shall be no recharacterization or subordination of Iberia's claim.

        f.        The Trustee shall dismiss the Preference Action, Case No. 6:21-ap-00059-GER, with prejudice.

        g.        The Trustee shall deliver quarterly reports or summaries to Iberia which provide an accounting of the following: (i) all pending litigation and status thereof, (ii) collections or proceeds received by the Trustee during the relevant period, and (iii) professional fees and costs incurred to date.

4.        The Trustee and Iberia are authorized to take all actions and execute any and all documents necessary to effectuate the compromise consistent with this Order.

# # #

Attorney Alberto F. Gomez, Jr., Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of this order.